SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ANDRE J. CRONTHALL, Cal. Bar No. 117088
acronthall@sheppardmullin.com
FRED R. PUGLISI, Cal. Bar No. 121822
fpuglisi@sheppardmullin.com
CATHERINE LA TEMPA, Cal. Bar No. 162865
clatempa@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:  213.620.1398

Attorneys for Defendant ENAGIC USA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EDWARD MAKARON, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ENAGIC USA INC.,<br><br>　　　　Defendant. | Case No. 2:15-CV-05145-DDP-E<br><br>**DEFENDANT ENAGIC USA, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Assigned to:<br>The Honorable Dean D. Pregerson<br>Referred to:<br>Magistrate Judge Charles F. Eick<br><br>Hearing Date: September 28, 2015<br>Time:　　　　10:00 a.m.<br>Dept.:　　　　3<br><br>Trial Date:　　[None Set] |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Enagic USA, Inc. ("Enagic") files this Brief in Support of its Motion to Dismiss.

## I.
## BACKGROUND

Plaintiff Edward Makaron ("Plaintiff") alleges that on May 18, 2015, he received a call from telephone number 469-340-4080 and that two days later he received a call from an unspecified person and telephone number who suggested that Plaintiff watch a video about Enagic's product. Compl. ¶¶ 7-8. Plaintiff further alleges that Enagic used an "automatic telephone dialing system" to contact him. Compl. ¶ 9. The complaint does not contain any other factual allegations regarding the alleged telephone call from 469-340-4080 or any other calls. *See* Compl., ¶¶ 6-12.

Plaintiff does not plead facts in support of the allegation that Enagic made the offending calls. Plaintiff does not state the specific content of the calls. He also fails to plead any facts in support of the allegation that the calls were artificial or prerecorded. Nonetheless, Plaintiff claims that the telephone calls are both a negligent and an intentional violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") for which Enagic is liable. Complaint, ¶¶ 7-8. Essentially, Plaintiff seeks to recover monetary damages for each alleged telephone call without providing Enagic any factual information about the calls. In this context, Plaintiff's conclusory allegations do not state a claim under the TCPA.

Pursuant to Rule 12(b)(6), Plaintiff's claims for violation of the TCPA should be dismissed because the complaint does not allege facts that demonstrate that Enagic initiated a telephone call to Plaintiff's cellular telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of Plaintiff.

# II.
# ARGUMENT

### A. Legal Standard.

"To survive a motion to dismiss, a complaint must plead sufficient 'factual matter, accepted as true' to 'allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sepehry-Fard v. MB Fin. Serv.*, 2014 WL 2191994,, at *3-4 (N.D. Cal. May 23, 2014) citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The *Sepehry-Fard* Court emphasized that the Plaintiff is required to plead "more than labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement". *Sepehry-Fard*, 2014 WL 2191994, at *3-4 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint is properly dismissed if it fails to "plead 'enough facts to state a claim to relief that is plausible on its face." *Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir.2008). *See also Parkhill v. Minn. Mut. Life Ins. Co.*, 286 F.3d 1051, 1058 (8th Cir. 2002) (holding that well-pleaded facts, not legal theories or conclusions, determine adequacy of complaint); *Silver v. H&R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997) ("In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences."). The facts alleged by the plaintiff in the Complaint are insufficient to support a cause of action against Enagic under the TCPA. Therefore, Enagic's motion to dismiss should be granted and plaintiff's claims against Enagic should be dismissed.

### B. Plaintiff Failed to Plead Facts Sufficient to State a Claim Under the TCPA.

The TCPA states, in relevant part, that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> ...
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]

47 U.S.C. § 227(b)(1). The TCPA defines the term "automatic telephone dialing system" to mean "equipment which has the capacity -- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* § 227(a)(1). Therefore, in order to allege a claim under the TCPA, Plaintiff must plead facts that, if proven, would demonstrate that Enagic made the alleged calls to Plaintiff's cellular number, that Enagic used an automatic telephone dialing system, and that the automated calls were made without Plaintiff's prior consent. *Id.* § 227(b)(1). *Sepehry-Fard,* 2014 WL 2191994, at *3-4.

In *Sepehry-Fard,* the Court granted the defendant's motion to dismiss a TCPA complaint because the plaintiff did not plead facts in the complaint explaining why he believed that the defendant made the offending calls, failed to describe the date, timing, or specific content of the offending calls, and failed to allege facts stating why he believed the calls were artificial or a prerecorded voice. *Id.* Likewise, Plaintiff has not alleged any facts that would show that Enagic initiated a telephone call to

Plaintiff and used an artificial or prerecorded voice to deliver a message to Plaintiff. Plaintiff also alleges that an unnamed and otherwise unidentified representative of Enagic called Plaintiff and "tried to recruit Plaintiff as a salesperson for Defendant, and suggested Plaintiff watch a video about Defendant's products." Compl. ¶ 8. Plaintiff does not plead any facts regarding the representative or the facts regarding the purported relationship between Enagic and the alleged representative. For these reasons, Plaintiff's conclusory allegations are not sufficient to support a claim for violation of the TCPA and should be dismissed.

### III.

### CONCLUSION

For the reasons described above, Enagic USA, Inc. respectfully requests that this Court dismiss all of Plaintiff's claims against it and that this Court grant such other relief to which Enagic is justly entitled.

Dated:  August 21, 2015

          Respectfully submitted,

          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

          By _____
                ANDRE J. CRONTHALL
                FRED R. PUGLISI
                CATHERINE LA TEMPA

          Attorneys for Defendant ENAGIC USA, INC.

Of Counsel:

Dwight M. Francis
Texas Bar No. 00785877
Gardere Wynne Sewell, LLP
1601 Elm St., Ste. 3000
Dallas, TX 75201
Telephone:  (214) 999-3000

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On August 21 2015, I served true copies of the following document(s) described as **DEFENDANT ENAGIC USA, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS** on the interested parties in this action as follows:

| | |
|---|---|
| Todd M. Friedman<br>Suren N. Weerasuriya<br>Adrian R. Bacon<br>LAW OFFICES OF TODD M. FRIEDMAN<br>324 S. Beverly Dr. #725<br>Beverly Hills, CA 90212<br>TEL: 877-206-4741<br>FAX: 866-633-0228 | Attorneys for Plaintiff<br>EDWARD MAKARON<br>on behalf of himself and all others similarly situated<br>tfriedman@attorneysforconsumers.com<br>sweerasuriya@attorneysforconsumers.com<br>abacon@attorneysforconsumers.com |

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address _____ to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted at _____ a.m./p.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 21, 2015, at Los Angeles, California.

_____
Sharon Stevenson-Kelley