1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Andre Cronthall (SB # 117088)
Fred Puglisi (SB # 121822)
333 S. Hope St., 43rd floor
Los Angeles, California 90071-1422
(213) 620-1780
acronthall@sheppardmullin.com

GARDERE WYNNE SEWELL, LLP
Dwight M. Francis, *Pro Hac Vice* (Texas Bar 00785877)
1601 Elm St., Ste. 3000
Dallas, TX 75201
Telephone:   (214) 999-3000
Facsimile:   (214) 999-4667
dfrancis@gardere.com
ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MAKARON, on behalf of himself and all others similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>ENAGIC USA INC.,<br><br>         Defendant. | Case No. 2:15-CV-05145-DDP-E<br><br><br>**DEFENDANT ENAGIC USA, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Assigned to:<br>The Honorable Dean D. Pregerson<br>Referred to:<br>Magistrate Judge Charles F. Eick<br><br>Hearing Date:      November 9, 2015<br>Time:                     10:00 a.m.<br>Dept.                      3 |

        Pursuant to Federal Rules of Civil Procedure 8, 9, and 12(b)(6), Defendant Enagic USA, Inc. ("Enagic") files this Brief in Support of its Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 15).

# I.
## BACKGROUND

Plaintiff Edward Makaron ("Plaintiff") alleges that on May 18, 2015, he received a recruiting call from telephone number 469-340-4080 and that two days later he received a call from a Gary Nixon who tried to recruit Plaintiff as a sales person for Enagic. Amend. Compl., ¶¶ 7-8. Plaintiff alleges that Enagic used an "automatic telephone dialing system" to contact him and which played a pre-recorded message. Amend. Compl., ¶ 7 and 9. The complaint does not contain any other factual allegations regarding the alleged telephone call from 469-340-4080 or any other calls. *See* Amend. Compl., ¶¶ 6-12.

Plaintiff does not plead facts in support of the allegation that Enagic made the offending calls. Nonetheless, Plaintiff claims that the telephone calls are both a negligent and an intentional violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA") for which Enagic is liable. Amend. Compl., ¶¶ 7-8. Essentially, Plaintiff seeks to recover monetary damages for each alleged telephone call without providing Enagic any factual information about the calls. In this context, Plaintiff's conclusory allegations do not state a claim under the TCPA.

Pursuant to Rule 12(b)(6), Plaintiff's claims for violation of the TCPA should be dismissed because the complaint does not allege facts that demonstrate that Enagic initiated a telephone call to Plaintiff's cellular telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of Plaintiff.

# II.
## ARGUMENT

### A.    Legal Standard.

"To survive a motion to dismiss, a complaint must plead sufficient 'factual matter, accepted as true' to 'allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sepehry-Fard v. MB Fin. Serv.,* 2014 WL 2191994,, at *3-4 (N.D.

Cal. May 23, 2014) citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  The *Sepehry-Fard* Court emphasized that the Plaintiff is required to plead "more than labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement".  *Sepehry-Fard,*  2014 WL 2191994, at *3-4 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint is properly dismissed if it fails to "plead 'enough facts to state a claim to relief that is plausible on its face." *Weber v. Dep't of Veterans Affairs,* 521 F.3d 1061, 1065 (9th Cir.2008).  *See also Parkhill v. Minn. Mut. Life Ins. Co.*, 286 F.3d 1051, 1058 (8th Cir. 2002) (holding that well-pleaded facts, not legal theories or conclusions, determine adequacy of complaint); *Silver v. H&R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997) ("In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences.").  The facts alleged by the plaintiff in the amended complaint are insufficient to support a cause of action against Enagic under the TCPA. Therefore, Enagic's motion to dismiss should be granted and plaintiff's claims against Enagic should be dismissed.

**B.     Plaintiff Failed to Plead Facts Sufficient to State a Claim Under the TCPA.**

The TCPA states, in relevant part, that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

> ...

> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]

1    47 U.S.C. § 227(b)(1).  The TCPA defines the term "automatic telephone dialing system" to mean

2    "equipment which has the capacity -- (A) to store or produce telephone numbers to be called,

3    using a random or sequential number generator; and (B) to dial such numbers." *Id.* § 227(a)(1).

4    Therefore, in order to allege a claim under the TCPA, Plaintiff must plead facts that, if proven,

5    would demonstrate that Enagic made the alleged calls to Plaintiff's cellular number, that Enagic

6    used an automatic telephone dialing system, and that the automated calls were made without

7    Plaintiff's prior consent. *Id.* § 227(b)(1).  *Sepehry-Fard,* 2014 WL 2191994, at *3-4.

8

9    In *Sepehry-Fard,* the Court granted the defendant's motion to dismiss a TCPA complaint

10   because the plaintiff did not plead facts in the complaint explaining why he believed that the

11   defendant made the offending calls, failed to describe the date, timing, or specific content of the

12   offending calls, and failed to allege facts stating why he believed the calls were artificial or a

13   prerecorded voice. *Id.*  Likewise, Plaintiff has not alleged any facts that would show that Enagic

14   initiated a telephone call to Plaintiff and used an artificial or prerecorded voice to deliver a

15   message to Plaintiff.

16

17   Plaintiff alleges that Gary Nixon called Plaintiff and "tried to recruit Plaintiff as a

18   salesperson for Defendant, and suggested Plaintiff watch a video about Defendant's products."

19   Amend. Compl., ¶ 8.  Even putting aside the deficiencies in Plaintiff's claims with respect to the

20   type and content of calls he received, Plaintiff's claim against Enagic also fails because he does

21   not allege facts to show that Enagic could be vicariously liable for calls made by the third parties

22   named in the complaint. Plaintiff simply alleges the callers were Enagic's representatives. First

23   Amend. Compl., ¶ 7.  These allegations are insufficient to state a claim for vicarious liability.

24

25   As recognized in *Cunningham v. Kondaur Capital*, 2014 WL 8335868, at *5-8 (M.D.

26   Tenn. Nov. 19, 2014), "the mere possibility that a defendant may be vicariously liable is not

27   sufficient to state a claim for relief, and pleading facts that are merely consistent with liability is

1    not enough." *Id.* at *8-9 (citing *Iqbal*, 556 U.S. at 678). Plaintiff must plead sufficient factual

2    allegations to support a plausible claim against Enagic based upon those facts. *Id.* The Amended

3    Complaint simply does not contain such facts. There are no factual allegations Enagic itself had

4    any interaction with Plaintiff; Plaintiff alleges only that he spoke with third party individuals.

5    Further, although Plaintiff alleges the individual he spoke with referred to Enagic, there are no

6    factual allegations showing that these individuals were in fact acting at the directive of or on

7    behalf of Enagic. Plaintiff does not allege he was transferred to Enagic during the telephone calls,

8    that Enagic subsequently contacted him in any manner, or any other allegations from which it

9    could reasonably be inferred that Enagic was provided information about Plaintiff or that Enagic

10    was a de facto participant in the telephone calls.

11

12          In sum, Plaintiff's threadbare accusations that Enagic is liable for violations of Section

13    227(b) of the TCPA are wholly unsupported by factual allegations. For these reasons, Plaintiff's

14

15    claim for violation of the TCPA and should be dismissed.

16    **C.**    **Plaintiff Failed to Plead Facts Sufficient to State a Claim Under TCPA Section**
               **227(c).**

17

18          Plaintiff claims that he received recruiting calls from Enagic representatives.   Amend.

19    Compl., ¶ 8. This threadbare allegation does not satisfy the federal pleading standard.   Plaintiff

20    never alleges that Enagic made telemarketing calls to him.   To the contrary, the allegations

21    suggest the calls were about a business opportunity whereby Plaintiff was recruited to sell certain

22    products.   The allegation that Plaintiff received such recruiting calls to not state a claim under the

23    TCPA. See *Reardon v. Uber Tech., Inc.*, 2015 WL 4451209 (N.D. Cal. July 19, 2015).   In *Uber*

24    *Tech.,* the court noted that texts from Uber seeking to recruit drivers were not advertisements and

25    did not state a claim under the TCPA. *Id. See also, Dolemba v. Ill. Farmers Ins. Co.*, 2015 WL

26

27    4727331, *5 (N.D. Ill. Aug. 10, 2015) (recruitment call is not an advertisement); *Friedman v.*

28

1   *Torchmark Corp.*, 2013 WL 1629084 (S.D. Cal. Aug. 13, 2013) (Defendant's calls to the plaintiff

2   regarding a recruiting webinar is not a TCPA violation).  Further, Plaintiff never even alleges his

3   number was on any "do not call list."

4           For these reasons, Plaintiff's conclusory allegations do not state a claim for violation of

5   the TCPA and should be dismissed.

6

7                                           **III.**
                                       **CONCLUSION**

8

9           For the reasons described above, Enagic USA, Inc. respectfully requests that this Court

10  dismiss Plaintiff's claims against it and that this Court grant such other relief to which Enagic is

11  justly entitled.

12

13  Dated:  October 5, 2015                    RESPECTFULLY SUBMITTED,

14                                             Dwight M. Francis, *Pro Hac Vice*
                                               GARDERE WYNNE SEWELL, LLP
15                                             1601 Elm St., Ste. 3000
                                               Dallas, TX 75201
16

17

18                                             */s/ Dwight M. Francis*
                                               Attorneys for ENAGIC USA, INC.
19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

**STATE OF TEXAS, COUNTY OF DALLAS**

I am employed in the County of Dallas; I am over the age of eighteen years and not a party to the within entitled action; my business address is 1601 Elm St., Ste. 3000, Dallas, TX 75201.

On October 5, 2015, I served the following document(s) described as **DEFENDANT ENAGIC USA, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

Todd M. Friedman
Suren N. Weerasuriya
Adrian R. Bacon
LAW OFFICES OF TODD M. FRIEDMAN
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
TEL:  877-206-4741
FAX:  866-633-0228

☒  **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒  **STATE:**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 5, 2015, at Dallas, Texas.

*/s/ Wendi M. Taylor*
Wendi Taylor