SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Andre Cronthall (SB # 117088)
Fred Puglisi (SB # 121822)
333 S. Hope St., 43rd floor
Los Angeles, California 90071-1422
(213) 620-1780
acronthall@sheppardmullin.com

GARDERE WYNNE SEWELL, LLP
Dwight M. Francis, *Pro Hac Vice* (Texas Bar 00785877)
1601 Elm St., Ste. 3000
Dallas, TX 75201
Telephone:  (214) 999-3000
Facsimile:  (214) 999-4667
dfrancis@gardere.com
ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MAKARON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ENAGIC USA INC.,<br><br>Defendant. | Case No. 2:15-CV-05145-DDP-E<br><br>**DEFENDANT ENAGIC USA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Assigned to:<br>The Honorable Dean D. Pregerson<br>Referred to:<br>Magistrate Judge Charles F. Eick<br><br>Hearing Date:  November 9, 2015<br>Time:  10:00 a.m.<br>Dept.  3 |

Pursuant to Federal Rules of Civil Procedure 8, 9, and 12(b)(6), Defendant Enagic USA, Inc. ("Enagic") files this Reply in Support of its Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 15).

# I.
# SUMMARY

Plaintiff once again fails to state a claim against Enagic for violation of the TCPA in his First Amended Complaint ("Amended Complaint"). Plaintiff's claims arise from alleged calls from third parties who were apparently attempting to recruit him to become a distributor of Enagic water ionizers. Courts have repeatedly held that such recruiting calls do not constitute advertising or telemarking and therefore cannot be the basis for a TCPA claim. Additionally, Plaintiff alleges no conduct on the part of Enagic whatsoever. Instead, Plaintiff's claims are based solely on the alleged conduct of two individuals, who Plaintiff asserts are agents of Enagic. However, since vicarious or agency liability must be premised on some action of the alleged principal, not the agent, Plaintiff must allege some conduct on the part of Enagic in order to provide a factual basis for his agency and vicarious liability claims. He has not done so in the Amended Complaint. For each of these reasons, Plaintiff fails to assert any claim against Enagic, and the motion to dismiss should be granted.

# II.
# DISCUSSION

**A.    The two alleged recruiting calls to Plaintiff is not actionable.**

In its motion to dismiss, Enagic asserted that the recruiting calls Plaintiff allegedly received, do not constitute advertising or telemarketing, and as such are not a violation of the TCPA. Brief, p. 5 (Doc. No. 19). Enagic relied on several cases to support this position including *Dolemba v. Ill. Farmers Ins. Co*, 2015 WL 4727331, (N.D. Ill. Aug. 10, 2015) and *Reardon v. Uber Technologies, Inc.*, 2015 WL 4451209 (N.D. Cal., July 19, 2015).

In *Dolemba*, plaintiff alleged that defendant Farmers Insurance Company and others called his cellular telephone in violation of the TCPA. The defendants moved under Rule 12(b)(6) to dismiss the complaint on several grounds, including that the alleged call was neither

an "advertisement" nor "telemarketing" within the meaning of the TCPA's implementing regulations. The Court granted the motion to dismiss.

The *Dolemba* court noted that the "TCPA makes it unlawful for any person to make a call using an automatic telephone dialing system or a prerecorded voice to a cellular telephone"; however, the court reasoned that the "TCPA authorizes the Federal Communications Commission ("FCC") to exempt by rule or order "calls that are not made for a commercial purpose," and "such classes or categories of calls made for commercial purposes as the Commission determines": (1) "will not adversely affect the privacy rights that this section is intended to protect"; and (2) "do not include the transmission of any unsolicited advertisement." *Dolemba*, 2015 WL 4727331 *2, citing 47 U.S.C. § 227(b)(2)(B). The FCC has implemented such regulations. See 47 S.F.R. § 64.1200 et seq. The FCC's implementing regulations make it unlawful to use an automatic telephone dialing system, or a prerecorded voice, to initiate a call to a cellular telephone "that includes or introduces an advertisement or constitutes telemarketing." *Id*. (*citing* 47 C.F.R. § 64.1200(a)(1)-(2)). Relying on the FCC's implementing regulations, the *Dolemba* court ruled that the plaintiff had not adequately alleged that the call he received was an "advertisement" or constituted "telemarketing" as the FCC's regulations and the TCPA define those terms. *Id*.

The *Dolemba* court noted it was not alone in ruling that recruiting calls to cellular telephones do not violate the TCPA and stated that "several district courts have held, however, that a mere "recruitment" call is not actionable. *See AL & PO Corp. v. Med–Care Diabetic & Med. Supplies, Inc*., No. 14 C 01893, 2014 WL 6999593, at *2 (N.D.Ill.Dec. 10, 2014) ("[D]rawing attention to a job opening does not equate to promoting the 'commercial availability or quality of any property, goods, or services' ") (quoting 47 U.S.C. § 227(a)(5)); *Friedman v. Torchmark Corp*., No. 12–CV–2837–IEG (BGS), 2013 WL 4102201, at *5 (S.D.Cal. Aug. 13, 2013) (similar); *Lutz App. Servs., Inc. v. Curry*, 859 F.Supp. 180, 181 (E.D.Pa.1994) (similar); see

also *Reardon v. Uber Tech., Inc.*, Case No. 14–cv–05678–JST, —— F.Supp.3d ——, 2015 WL 4451209, at *5 (N.D.Cal. July 19, 2015)."

Plaintiff's response omits any discussion of *Dolemba*. This is not surprising since the allegations in *Dolemba* are virtually indistinguishable from Plaintiff's allegations. The plaintiff in *Dolemba* alleged that he received an automated telephone call on his cell phone which provided him with the opportunity to become a Farmers Insurance agent. *Dolemba,* 2015 WL 4727331 *1. In this case, Plaintiff alleges that "defendant's agents sought to enlist Plaintiff as an agent-sales representative for Enagic-Kangen alkaline water filtration systems" and that "the Plaintiff received a call from one of Defendant's representatives (Gary Nixon), who tried to recruit Plaintiff as a salesperson for Defendant, and suggested Plaintiff watch a video about Defendant's products." Amended Compl. (Doc. 15) ¶¶ 7-8. Like the recruiting call in *Dolemba*, the call at issue in this case does not violate the TCPA. Thus, the Plaintiff has failed to plead a claim for violation of the TCPA, and the First Amended Complaint should be dismissed pursuant to Rule 12(b)(6).

In *Reardon*, the plaintiffs sued Uber on the grounds that its practice of sending text messages to potential drivers' cellular telephones violated the TCPA. Uber moved to dismiss the complaint under Rule 12(b)(6) on the grounds that the texts do not constitute "advertising" or "telemarketing" under the statute. *Reardon v. Uber Technologies, Inc.*, 2015 WL 4451209 * 2 (N.D. Cal., July 19, 2015). The *Reardon* court noted that the applicable regulations, 47 C.F.R. §§ 64.1200(f)(1) and 64.1200(f)(12), define "advertisement" and "telemarketing." Specifically, the regulations state that an "advertisement" is "any material advertising the commercial availability or quality of any property, goods, or services." 47 C.F.R. § 64.1200(f)(1). Further, "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is

transmitted to any person." 47 C.F.R. § 64.1200(f)(12).  Uber argued that "the text messages it allegedly sent could not be said to "constitute telemarketing" or to "include or introduce an advertisement" because the texts did not promote its provision of property, goods, or services." *Reardon,* 2015 WL 4451209 at * 4. Rather, Uber argued that its text messages were directed toward job recruitment, a category of communications that fall outside of the definitions of "telemarketing" or "advertisement." *Id.*

The *Reardon* court agreed with Uber and held that "given the allegations in the complaint, the texts at issue do not contain advertisements and do not constitute telemarketing." *Id.* at *6.  In ruling, the court noted that "several prior cases have held that recruiting calls are not advertising or telemarketing texts for the purposes of the TCPA," including *Lutz Appellate Servs., Inc. v. Curry,* 859 F.Supp. 180, 181–82 (E.D.Pa.1994) and *Murphy v. DCI Biologicals Orlando, LLC,* No. 6:12–cv–1459–Orl–36KRS, 2013 WL 6865772, at *10 (M.D.Fla. Dec. 31, 2013). *Id.*  While the court also considered Uber's argument that prior express consent is an affirmative defense under the TCPA after reaching its conclusion that recruiting texts do not constitute advertising or telemarketing, that discussion in no way detracted from the court's ruling regarding recruiting calls.

**B.     Plaintiff's Fail to Plead Facts Sufficient to State a Claim for Vicarious Liability under the TCPA.**

Additionally, Plaintiff's fail to allege any facts to show that Enagic could be vicariously liable for calls made by the third parties named in the complaint. Instead, Plaintiff simply asserts the conclusory allegation that the callers were Enagic's representatives. (First Amend. Compl., ¶ 7). This is not enough.  As recognized in *Cunningham v. Kondaur Capital*, 2014 WL 8335868, at *5-8 (M.D. Tenn. Nov. 19, 2014), "the mere possibility that a defendant may be vicariously liable is not sufficient to state a claim for relief, and pleading facts that are merely consistent with

liability is not enough." *Id*. at *8-9 (citing *Iqbal*, 556 U.S. at 678). Instead, Plaintiff must plead sufficient factual allegations to support a plausible claim against Enagic. *Id*. The Amended Complaint simply does not contain facts showing that Enagic called Plaintiff. Rather, Plaintiff merely alleges that he received a telephone call from 469-340-4080 which played a prerecorded message that discussed Enagic. Plaintiff does not (and cannot) allege that the telephone number at issue belongs to Enagic.

Plaintiff further states that during the telephone call from 469-340-4080, Enagic's alleged "agents sought to enlist Plaintiff as an agent-sales representative for Enagic-Kangen alkaline water filtration systems." (Amended Compl. (Doc. 15) ¶ 7). While Plaintiff is artful in his pleading, it is clear that a third party, not Enagic called Plaintiff. Further, there are simply no factual allegations showing that the alleged prerecording Plaintiff received or the call from Gary Nixon were placed at the directive of Enagic. Notably, Plaintiff does not allege he was transferred to Enagic during the telephone calls, that Enagic subsequently contacted him in any manner, or assert any other allegations from which it could reasonably be inferred that Enagic was provided information about Plaintiff or that Enagic was a *de facto* participant in the telephone calls.

C. **Plaintiff's Procedural Complaints and Reference to Unauthenticated Evidence Should not be Considered**.

Plaintiff's counsel spends a notable portion of his argument focused on the alleged failure of Defendant to confer prior to filing the current motion. However, it is clear that the parties did in fact ultimately confer in detail regarding the arguments presented and were unable to come to an agreement. Further, while Plaintiff contends that he was unaware of the motion to dismiss filed by the Defendant regarding the Original Complaint on August 21, 2015, apparently due to a computer malfunction suffered by his counsel, Enagic agreed to an extension of Plaintiff's time to respond to that motion. That agreement was reflected in the stipulation that was filed on

September 8, 2015, following a conference of counsel. Significantly, at no time during this conference did Plaintiff state or inform Enagic that he intended to file, or seek leave to file, an amended complaint.

Despite this, Plaintiff filed the Amended Complaint that is at issue in the current motion on September 21, 2015, well beyond the deadline stated in Rule 15. In response, Enagic renewed its motion to dismiss. Having already taken an opportunity to amend his allegations, Plaintiff continually directs this court to go outside of the pleadings in response to Enagic's motion to dismiss. Plaintiff's citation to various unauthenticated websites and his own beliefs and observations is improper and Enagic objects to any consideration of materials outside of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Plaintiff has failed to plead a sufficient factual basis for his claims of vicarious liability and violations of the TCPA, despite having two opportunities to do so, and the First Amended Complaint should be dismissed.

### III.
### CONCLUSION

For the reasons described above and in the Motion and supporting brief, Enagic USA, Inc. respectfully requests that this Court dismiss Plaintiff's claims against it and that this Court grant such other relief to which Enagic is justly entitled.

Dated: October 26, 2015       RESPECTFULLY SUBMITTED,

Dwight M. Francis, *Pro Hac Vice*
GARDERE WYNNE SEWELL, LLP
1601 Elm St., Ste. 3000
Dallas, TX 75201


*/s/ Dwight M. Francis*
Attorneys for ENAGIC USA, INC.


# PROOF OF SERVICE

## STATE OF TEXAS, COUNTY OF DALLAS

I am employed in the County of Dallas; I am over the age of eighteen years and not a party to the within entitled action; my business address is 1601 Elm St., Ste. 3000, Dallas, TX 75201.

On October 26, 2015, I served the following document(s) described as **DEFENDANT ENAGIC USA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

Todd M. Friedman
Suren N. Weerasuriya
Adrian R. Bacon
LAW OFFICES OF TODD M. FRIEDMAN
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
TEL:   877-206-4741
FAX:   866-633-0228

☒` **BY CM/ECF NOTICE OF ELECTRONIC FILING:**   I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **STATE:**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 26, 2015, at Dallas, Texas.

*/s/ Wendi M. Taylor*
Wendi Taylor