SHEPPARD MULLIN RICHTER & HAMPTON, LLP
Andre Cronthall (SB # 117088)
Fred Puglisi (SB # 121822)
333 S. Hope St., 43rd floor
Los Angeles, California 90071-1422
(213) 620-1780
acronthall@sheppardmullin.com

GARDERE WYNNE SEWELL, LLP
Dwight M. Francis, *Pro Hac Vice* (Texas Bar 00785877)
1601 Elm St., Ste. 3000
Dallas, TX 75201
Telephone:   (214) 999-3000
Facsimile:   (214) 999-4667
dfrancis@gardere.com
ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MAKARON, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ENAGIC USA INC.,<br><br>        Defendant. | Case No. 2:15-CV-05145-DDP-E<br><br>**DEFENDANT ENAGIC USA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Assigned to:<br>The Honorable Dean D. Pregerson<br>Referred to:<br>Magistrate Judge Charles F. Eick<br><br>Hearing Date:    May 9, 2016<br>Time:            10:00 a.m.<br>Dept.            3 |

Pursuant to Federal Rules of Civil Procedure 8, 9, and 12(b)(6), Defendant

Enagic USA, Inc. ("Enagic") files this Reply in Support of its Motion to Dismiss

Plaintiff's Second Amended Complaint (Doc. No. 25).

## I.
## SUMMARY

Plaintiff fails to state a claim against Enagic for violation of the Telephone

Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").  According to

Plaintiff's allegations, third party agents attempted to recruit him to become a

distributor of Enagic water ionizers.  These allegations do not state a claim because

such recruiting calls do not constitute advertising or telemarking and therefore

cannot be the basis for a TCPA claim.  Further, Plaintiff has not alleged any

wrongful conduct by Enagic.  Instead, Plaintiff's claims are based solely on the

alleged conduct of one or two individuals, who Plaintiff asserts are agents of

Enagic.  This agency allegation fails because vicarious or agency liability must be

premised on some action of the alleged principal, not the agent. In failing to allege

any wrongful conduct that creates a factual basis for agency and vicarious liability

the claims asserted in the Second Amended Complaint (the "SAC") fail.  For each

of these reasons, Plaintiff fails to assert any claim against Enagic, and the motion to

dismiss should be granted.

**II.**
**DISCUSSION**

**A.      The Two Alleged Recruiting Calls to Plaintiff Are Not Actionable.**

Plaintiff provided the following information regarding the two calls:

On May 18, 2015, Plaintiff received a call from Defendant from telephone number 469-340-4080, who owns it. … **During this call, Defendant's agents sought to enlist Plaintiff as an agent-sales representative for Enagic-Kangen alkaline water filtration systems**.

****

On May 20, 2015, Plaintiff received a call from one of Defendant's representatives (Gary Nixon living at 15\*\*\* \*\*\*\* Ln., Roanoke Texas 76262, cell phone number (469) 223-\*\*\*\*, **who tried to recruit Plaintiff as a salesperson for Defendant.**

SAC, (Doc. No. 24) ¶¶ 30 -31 (Emphasis Added).  The descriptions of the calls are consistent with the exhibits attached to the SAC.  For example, exhibit B, an email from Gary Nixon to Plaintiff offers "the opportunity of a lifetime." SAC, (Doc. No. 24) Exhibit B.  Gary Nixon's attempts to tell Plaintiff about the opportunity to become an Enagic sales person are not actionable under the TCPA.

Recruiting calls that the Plaintiff allegedly received do not constitute advertising or telemarketing and are not a violation of the TCPA. *Dolemba v. Ill. Farmers Ins. Co*, 2015 WL 4727331, (N.D. Ill. Aug. 10, 2015) and *Reardon v. Uber Technologies, Inc.*, 2015 WL 4451209 (N.D. Cal., July 19, 2015).

The *Dolemba* court specifically recognized that a motion to dismiss should be granted when a plaintiff fails to allege that a call was either an "advertisement" or "telemarketing" within the meaning of the TCPA. In *Dolemba,* the plaintiff alleged that defendant Farmers Insurance Company and others called his cellular telephone in violation of the TCPA. The *Dolemba* court noted that the "TCPA makes it unlawful for any person to make a call using an automatic telephone dialing system or a prerecorded voice to a cellular telephone"; however, the court reasoned that the "TCPA authorizes the Federal Communications Commission ("FCC") to exempt by rule or order "calls that are not made for a commercial purpose," and "such classes or categories of calls made for commercial purposes as the Commission determines": (1) "will not adversely affect the privacy rights that this section is intended to protect"; and (2) "do not include the transmission of any unsolicited advertisement." *Dolemba*, 2015 WL 4727331 *2, citing 47 U.S.C. § 227(b)(2)(B). The FCC has implemented such regulations. See 47 C.F.R. § 64.1200 et seq. The FCC's implementing regulations make it unlawful to use an automatic telephone dialing system, or a prerecorded voice, to initiate a call to a cellular telephone "that includes or introduces an advertisement or constitutes telemarketing." *Id*. (*citing* 47 C.F.R. § 64.1200(a)(1)-(2)). Relying on the FCC's implementing regulations, the *Dolemba* court ruled that the plaintiff had not

ENAGIC USA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT                                          Page 4

adequately alleged that the call he received was an "advertisement" or constituted "telemarketing" as the FCC's regulations and the TCPA define those terms. *Id*.

The *Dolemba* court noted it was not alone in ruling that recruiting calls to cellular telephones do not violate the TCPA and stated that "several district courts have held, however, that a mere "recruitment" call is not actionable. *See AL & PO Corp. v. Med–Care Diabetic & Med. Supplies, Inc*., No. 14 C 01893, 2014 WL 6999593, at \*2 (N.D.Ill.Dec. 10, 2014) ("[D]rawing attention to a job opening does not equate to promoting the 'commercial availability or quality of any property, goods, or services' ") (quoting 47 U.S.C. § 227(a)(5)); *Friedman v. Torchmark Corp*., No. 12–CV–2837–IEG (BGS), 2013 WL 4102201, at \*5 (S.D.Cal. Aug. 13, 2013) (similar); *Lutz App. Servs., Inc. v. Curry*, 859 F.Supp. 180, 181 (E.D.Pa.1994) (similar); see also *Reardon v. Uber Tech., Inc*., Case No. 14–cv–05678–JST, —— F.Supp.3d ——, 2015 WL 4451209, at \*5 (N.D.Cal. July 19, 2015)."

Plaintiff's response makes no attempt to distinguish the *Dolemba* case, although this is not surprising since the allegations in *Dolemba* are virtually indistinguishable from Plaintiff's allegations. The plaintiff in *Dolemba* alleged that he received an automated telephone call on his cell phone which provided him with the opportunity to become a Farmers Insurance agent. *Dolemba,* 2015 WL 4727331 \*1. In this case, Plaintiff alleges that "defendant's agents sought to enlist

1
2
3
4
5
6
7
8
9
10
11

Plaintiff as an agent-sales representative for Enagic-Kangen alkaline water filtration systems" and that "the Plaintiff received a call from one of Defendant's representatives (Gary Nixon), who tried to recruit Plaintiff as a salesperson for Defendant, and suggested Plaintiff watch a video about Defendant's products." SAC, (Doc. 24) ¶¶ 30-31. Like the recruiting call in *Dolemba*, the call at issue in this case does not violate the TCPA. Thus, the Plaintiff has failed to plead a claim for violation of the TCPA, and the SAC should be dismissed pursuant to Rule 12(b)(6).

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

The *Reardon* court similarly found that a motion to dismiss should be granted when the plaintiff only alleges a recruiting contact. In *Reardon*, the plaintiffs sued Uber on the grounds that its practice of sending text messages to potential drivers' cellular telephones violated the TCPA. Uber moved to dismiss the complaint under Rule 12(b)(6) on the grounds that the texts do not constitute "advertising" or "telemarketing" under the statute. *Reardon v. Uber Technologies, Inc.*, 2015 WL 4451209 * 2. The *Reardon* court noted that the applicable regulations, 47 C.F.R. §§ 64.1200(f)(1) and 64.1200(f)(12), define "advertisement" and "telemarketing." Specifically, the regulations state that an "advertisement" is "any material advertising the commercial availability or quality of any property, goods, or services." 47 C.F.R. § 64.1200(f)(1). Further, "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the

28

1
2
3
4
5
6
7
8
9
10
11

purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).  Uber argued that "the text messages it allegedly sent could not be said to "constitute telemarketing" or to "include or introduce an advertisement" because the texts did not promote its provision of property, goods, or services."  *Reardon,* 2015 WL 4451209 at * 4. Rather, Uber argued that its text messages were directed toward job recruitment, a category of communications that fall outside of the definitions of "telemarketing" or "advertisement." *Id.*

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

The *Reardon* court agreed with Uber and held that "given the allegations in the complaint, the texts at issue do not contain advertisements and do not constitute telemarketing." *Id.* at *6.  In ruling, the court noted that "several prior cases have held that recruiting calls are not advertising or telemarketing texts for the purposes of the TCPA," including *Lutz Appellate Servs., Inc. v. Curry,* 859 F.Supp. 180, 181–82 (E.D.Pa.1994) and *Murphy v. DCI Biologicals Orlando, LLC,* No. 6:12–cv–1459–Orl–36KRS, 2013 WL 6865772, at *10 (M.D.Fla. Dec. 31, 2013).  *Id.* While the court also considered Uber's argument that prior express consent is an affirmative defense under the TCPA after reaching its conclusion that recruiting texts do not constitute advertising or telemarketing, that discussion in no way detracted from the court's ruling regarding recruiting calls.  Plaintiff does not and cannot adequately address the multiple courts' rulings that recruiting calls do not

28

1  violate the TCPA.

2
3  **B.    Plaintiff's Allegations That Enagic's Independent Contractors are Employees Fail.**

4      To state a claim under the TCPA, Plaintiff must allege that Enagic physically

5
6  placed a telephone call to him or took the steps necessary to physically place a

7  telephone call to him.    Plaintiff does not make any such allegations. Instead,

8  Plaintiff offers a concession - "Plaintiff would agree that, most likely, Defendant

9
10  did not house the dialing systems used to place these allegedly unlawful calls."

11  Doc. No. 27, p. 13.   This concession is not surprising since Plaintiff could have

12  easily determined who owned the telephone number he was called from and did not

13  do so or, for whatever reason, has chosen not to disclose this information.

14
15      Plaintiff further tries to rehabilitate his failed claim by alleging that Enagic's

16  independent distributors are employees.  To support this notion, Plaintiff relies on

17  Enagic's Policies and Procedures ("Enagic's Policies").   SAC, (Doc. 24) ¶ 18.

18  Rather than support Plaintiff's claims however, Enagic's Policies make clear that

19  the distributors are independent contractors.  Further, the Enagic's Policies make

20
21  clear (1) there is no employer/employee relationship; (2) the distributors have no

22  authority to bind Enagic; (3) distributors are encouraged to set their own hours; (4)

23  distributors are encouraged to set their own methods of sale; (5) distributors are

24
25  responsible for reporting and paying all taxes (with no withholding from Enagic);

26  (6) distributors are legally liable for their own actions; (7) distributors are free to

27

28

enter separate agreements with other independent distributors; (8) distributors have the option of selling other products; and (9) distributors could sell or not sell as many or as few of the products as they see fit.  SAC, (Doc. 24) Ex. A, ¶ 2, 6, 7, 19, 48, 54.   When a written agreement, such as Enagic's Policies, specifies the relationship between a hirer and a distributor including setting out the parties respective degrees of control, such an agreement is a significant determinant of whether an employer-employee relationship exists. *Ayala v. Antelope Valley Newspapers, Inc.* 59 Cal.4th 522, 534-535 (2014).  Given the explicit language in Enagic's policies establishing an independent contractor relationship, Plaintiff is not able to rehabilitate his failed claim.

## C.   Plaintiff Fails to State a Claim for Vicarious Liability Under the TCPA.

Plaintiff's claim that Enagic is liable under a theory of vicarious liability similarly fails.  Plaintiff does not dispute that apparent authority can only be established by proof of something said or done by the alleged principal, on which the Plaintiff reasonably relied. Doc 27, p 17.  *See Edward Makaron v. GE Sec. Mfg., Inc.*, 2015 WL 3526253, *6 (C.D. Cal. May 18, 2015).   In fact, Plaintiff agrees that "apparent authority is the power held by an agent or other actor to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is **traceable to the principal's manifestations**." Restatement (Third) of Agency § 2.03 (emphasis added). Response, [Doc. No, 27] p 17.  The SAC lacks any facts which

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

suggest Enagic made manifestations to the Plaintiff that would lead him to

reasonably believe the independent distributors were authorized to make or initiate

unlawful calls to him. There are no factual allegations in the SAC of something said

or done by Enagic on which the Plaintiff reasonably relied in claiming that Enagic

authorized any unlawful conduct. Rather, the document Plaintiff relies on shows the

opposite.  Enagic's Policies specifically state that "The use of the Company's name

or copyrighted materials may not be made with automatic calling devices or "boiler

room" operations either to solicit distributors or retail customers. (Doc. No. 24,

SAC, Ex. A, ¶¶ 54, 57.)  As a result, the claim of vicarious liability fails.

**D.      Plaintiff Ignores Directly Applicable Precedent Known to the Plaintiff**

Plaintiff urges the court to follow a case decided in West Virginia regarding

his alternative theory of liability despite the fact that this Court has already rejected

the non-binding decision from West Virginia and Plaintiff has full knowledge of

this court's rejection.  Specifically, to prop up his alternative theory of liability

Plaintiff relies on *Mey v. Monitonics Int'l, Inc.*, 959 F. Supp. 2d 927 (N.D. W. VA

2013).   However, this Court has specifically rejected the ruling in *Mey.  See*

*Edward Makaron v. GE Sec. Mfg., Inc*., 2015 WL 3526253, \*6 (C.D. Cal. May 18,

2015).   In *Makaron v. GE Sec.,* this court stated that "[a]s an initial matter, the

Court notes that a Northern District of West Virginia decision has no binding effect

on a decision of this Court." Id. at \*10.  The Court also stated that "**this Court**

**would disagree generally from the conclusion reached by the court in** *Mey*.

1
2
3
4   Furthermore, since *Mey* does not contain details of the specific facts in that case,
5   the Court would not be inclined to give it much weight in comparing it to this
6   case." *Id*. (Emphasis added). *Makaron v. GE Sec.* is discussed extensively
7   throughout Enagic's Brief. See Doc. 26, pp 13-16.  It appears that the plaintiff in
8   *Makaron v. GE Sec.* is the same plaintiff in the present case.  In addition, Plaintiff's
9   counsel and defendant's counsel discussed that *Makaron v. GE Sec.* is applicable to
10  the present matter prior to Enagic filing it motion to dismiss the SAC.  Given the
11  foregoing, it is misleading of Plaintiff to urge this Court to rely on *Mey v.*
12  *Monitonics* and to not even mention *Makaron v. GE Sec.*
13
14      Plaintiff's reliance on *Martinez v. Combs*, *et al*  49 Cal.4th 35 (2010) for the
15  proposition that the alleged callers are Enagic employees is similarly nebulous.  In
16  *Martinez v. Combs*, plaintiffs, seasonal agricultural workers, maintained that under
17  a certain Industrial Welfare Commission's ("IWC") wage order they were
18  employees of the defendants and entitled to recover unpaid minimum wages.  The
19  lower courts rejected the plaintiffs' claims and the California Supreme court
20  affirmed the lower courts' rulings.  In doing so, the courts applied a wage order test
21  set out by the IWC. *Id. at 64*.  Contrary to Plaintiff's assertion, *Martinez v. Combs*,
22  did not state "the operative test for determining whether a laborer is an employee
23  vs. independent contractor," Response, Doc 27, p 15, and should not be read as
24  such.
25
26
27
28

1
2

### III.
### CONCLUSION

3       For the reasons described above and in the Motion and supporting brief,

4   Enagic USA, Inc. respectfully requests that this Court dismiss Plaintiff's claims

5   against it with prejudice and that this Court grant such other relief to which Enagic

6   is justly entitled.

7

8   Dated:  April 29, 2016                    RESPECTFULLY SUBMITTED,

9                                             Dwight M. Francis, *Pro Hac Vice*

10                                            GARDERE WYNNE SEWELL, LLP
                                              1601 Elm St., Ste. 3000
11                                            Dallas, TX 75201

12

13                                            */s/ Dwight M. Francis*

14                                            Attorneys for ENAGIC USA, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

STATE OF TEXAS, COUNTY OF DALLAS

3

4

I am employed in the County of Dallas; I am over the age of eighteen years and not a party to the within entitled action; my business address is 1601 Elm St., Ste. 3000, Dallas, TX 75201.

5

6

On April 29, 2016, I served the following document(s) described as **DEFENDANT ENAGIC USA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

7

8

9

Todd M. Friedman

10

Suren N. Weerasuriya

Adrian R. Bacon

11

LAW    OFFICES    OF    TODD    M.

FRIEDMAN

12

324 S. Beverly Dr. #725

13

Beverly Hills, CA 90212

14

TEL:  877-206-4741

FAX: 866-633-0228

15

16

17

☒`  **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

18

19

20

☒   **STATE:**   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21

22

Executed on April 29, 2016, at Dallas, Texas.

23

24

*/s/ Dwight M. Francis*

25

Dwight M. Francis

26

27

28

ENAGIC USA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

Page 13