SHEPPARD MULLIN RICHTER
& HAMPTON, LLP
Andre Cronthall (SB # 117088)
Fred Puglisi (SB # 121822)
333 S. Hope St., 43rd floor
Los Angeles, California 90071-1422
Telephone: (213) 620-1780
Facsimile: (213) 620-1398
acronthall@sheppardmullin.com

GARDERE WYNNE SEWELL, LLP
Dwight M. Francis, *Pro Hac Vice* (Texas Bar # 00785877)
1601 Elm St., Ste. 3000
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
dfrancis@gardere.com

Attorneys for Defendant Enagic USA, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EDWARD MAKARON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ENAGIC USA INC.,<br><br>Defendant. | Case No. 2:15-CV-05145-DDP-E<br><br>**DEFENDANT ENAGIC USA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>Assigned to:<br>The Honorable Dean D. Pregerson<br>Referred to:<br>Magistrate Judge Charles F. Eick |

Defendant Enagic USA, Inc. ("Enagic") hereby answers Plaintiff's Second Amended Complaint, filed March 20, 2016 and incorrectly labeled First Amended Complaint (the "Complaint") as follows:

# I.
# ANSWER

### A. Nature of the Case

1. Enagic admits only that Plaintiff has made allegations against it for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "Act"). Enagic denies that it violated the Act or any other laws and denies that Plaintiff and the putative class members are entitled to any relief.

### B. Jurisdiction and Venue

2. Enagic denies the jurisdictional allegations contained in paragraph 2 of the Complaint.

3. Enagic admits only that it markets and sells water ionizers and related products through a network of independent distributors. Enagic denies all remaining allegations contained in paragraph 3 of the Complaint.

### C. Parties

4. Enagic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and they are, therefore, denied.

5. Enagic denies the allegations contained in paragraph 5 of the Complaint.

### D. Factual Allegations[1]

6. Enagic admits only that it markets and sells water ionizers and related product through a network of independent distributors. Enagic denies the allegations contained in paragraph 6 of the Complaint.

7. Enagic denies the allegations contained in paragraph 7 of the Complaint.

---

[1] The headings in the Complaint do not require a response. To the extent a response is required, Enagic denies the allegations in the headings. Throughout Plaintiff's Complaint, he purports to quote/paraphrase from websites and youtube.com material created and maintained by third-parties, some of which, according to the Complaint, are no longer available. Enagic is not responsible for the materials and the text and content of such materials speak for themselves so no response to such "allegations" is required. To the extent a response is required, Enagic denies such allegations.

8. Enagic denies the allegations contained in paragraph 8 of the Complaint.

9. Enagic denies the allegations contained in paragraph 9 of the Complaint.

10. Enagic denies the allegations contained in paragraph 10 of the Complaint.

11. Enagic denies the allegations contained in paragraph 11 of the Complaint.

12. Plaintiff's Complaint does not contain paragraph 12 [*See* Dkt. 24, at pp. 6-7].

13. Enagic denies the allegations contained in paragraph 13 of the Complaint.

14. Enagic denies the allegations contained in paragraph 14 of the Complaint.

15. The terms of Enagic's policies and procedures speak for themselves, but to the extent a response is required, Enagic denies any allegations in paragraph 15 of the Complaint that are inconsistent with the terms of the referenced policies and procedures.

16. The terms of Enagic's policies and procedures speak for themselves, but to the extent a response is required, Enagic denies any allegations in paragraph 16 of the Complaint that are inconsistent with the terms of the referenced policies and procedures.

17. Enagic denies the allegations contained in paragraph 17 of the Complaint.

18. Enagic denies the allegations contained in paragraph 18 of the Complaint.

19. Enagic denies the allegations contained in paragraph 19 of the Complaint.

20. Enagic denies the allegations contained in paragraph 20 of the Complaint.

21. Enagic denies the allegations contained in paragraph 21 of the Complaint.

22. Enagic denies the allegations contained in paragraph 22 of the Complaint.

23. Enagic denies the allegations contained in paragraph 23 of the Complaint.

24. Enagic denies the allegations contained in paragraph 24 of the Complaint.

25. Enagic denies the allegations contained in paragraph 25 of the Complaint.

26. Enagic denies the allegations contained in paragraph 26 of the Complaint.

27. Enagic denies the allegations contained in paragraph 27 of the Complaint.

28. Enagic denies the allegations contained in paragraph 28 of the Complaint.

29. Enagic denies the allegations contained in paragraph 29 of the Complaint.

30. Enagic denies that it made the referenced call. Enagic is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff recorded the call and they are, therefore, denied. Enagic denies the remaining allegations contained in paragraph 30 of the Complaint.

31. Enagic is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Gary Nixon's conduct contained in paragraph 31 of the Complaint and they are, therefore, denied. Enagic denies all the remaining allegations contained in paragraph 31 of the Complaint.

32. Enagic denies the allegations contained in paragraph 32 of the Complaint.

33. The allegations contained in the first two sentences of paragraph 33 consist of legal conclusions to which no response is required. To the extent a response is required, Enagic denies same. Enagic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of the Complaint and they are, therefore, denied.

34. Enagic denies the allegations contained in paragraph 34 of the Complaint.

35. Enagic denies the allegations contained in paragraph 35 of the Complaint.

36. Enagic denies the allegations contained in paragraph 36 of the Complaint.

37. Enagic denies the allegations contained in paragraph 37 of the Complaint.

38. Enagic denies the allegations contained in paragraph 38 of the Complaint.

39. Enagic denies the allegations contained in paragraph 39 of the Complaint.

40. Enagic denies the allegations contained in paragraph 40 of the Complaint.

E. **Class Allegations**

41. Enagic denies the allegations contained in paragraph 41 of the Complaint.

42. Enagic denies the allegations contained in paragraph 42 of the Complaint.

43. Enagic denies the allegations contained in paragraph 43 of the Complaint.

44. Enagic denies the allegations contained in paragraph 44 of the Complaint.

45. Enagic denies the allegations contained in paragraph 45, and all subparts of paragraph 45, of the Complaint.

46. Enagic denies the allegations contained in paragraph 46 of the Complaint.

47. Enagic denies the allegations contained in paragraph 47 of the Complaint.

48. Enagic denies the allegations contained in paragraph 48 of the Complaint.

49. Enagic denies the allegations contained in paragraph 49 of the Complaint.

50. Enagic denies the allegations contained in paragraph 50 of the Complaint.

F. **First Cause of Action - Alleged Negligent Violations of the Telephone Consumer Protection Act (47 U.S.C. §227 et seq.)**

51. Enagic incorporates by reference all preceding paragraphs (1-50) in this Answer as though fully set forth herein.

52. Enagic denies the allegations contained in paragraph 52 of the Complaint.

53. Enagic denies the allegations contained in paragraph 53 of the Complaint.

54. Enagic denies the allegations contained in paragraph 54 of the Complaint.

G. **Second Cause of Action - Alleged Knowing and/or Willful Violations of the Telephone Consumer Protection Act (47 U.S.C. §227 et seq.)**

55. Enagic incorporates by reference all preceding paragraphs in this Answer (1-54) as though fully set forth herein.

56. Enagic denies the allegations contained in paragraph 56 of the Complaint.

57. Enagic denies the allegations contained in paragraph 57 of the Complaint.

58. Enagic denies the allegations contained in paragraph 58 of the Complaint.

**H.  Prayer for Relief - First Cause of Action**

59. Enagic specifically denies that Plaintiff is entitled to damages or any other relief sought.

**I.  Prayer for Relief - Second Cause of Action**

60. Enagic specifically denies that Plaintiff is entitled to damages or any other relief sought.

61. Except as expressly stated in paragraphs 1 through 60 above, Enagic denies the allegations in the Complaint. All allegations not heretofore admitted or denied are hereby denied.

62. Enagic denies that Plaintiff is entitled to any relief against Enagic.

## II.
## AFFIRMATIVE AND OTHER DEFENSES

Enagic denies that it engaged in or is otherwise responsible or liable for the acts, omission, or statements allegedly at issue in this lawsuit. Strictly in the alternative and subject to those denials, Enagic asserts the following affirmative and other defenses to the Complaint:

**A.  First Affirmative Defense - Failure to State a Claim**

The Complaint fails to state a claim upon which relief may be granted.

**B.  Second Affirmative Defense - Doctrine of Unclean Hands**

The claims by Plaintiff and some or all putative class members are barred by the doctrine of "unclean hands." The Complaint indicates that Plaintiff, a California resident, recorded and kept a recording of the phone call allegedly received from telephone number 469-340-4080, which violates the two-party consent wiretapping laws of California, codified at California Penal Code § 632. Because of Plaintiff's "unclean hands," Plaintiff is equitably estopped or otherwise barred from asserting the claims in the Complaint and/or using any evidence illegally or

unlawfully obtained.

**C.** **Third Affirmative Defense - Consent/Implied Consent**

The claims by Plaintiff and some or all putative class members are barred to the extent they consented or impliedly consented to the receipt of any communications resulting in the complained-of conduct.

**D.** **Fourth Affirmative Defense - Standing**

Plaintiff and some or all putative class members lack standing to assert the causes of action alleged in the Complaint against Enagic.

**E.** **Fifth Affirmative Defense - Prior Business Relationship**

Any claims alleged in the Complaint are barred to the extent the Plaintiff and some or all putative class members had a prior established business relationship with the persons or entities that placed the alleged phone calls.

**F.** **Sixth Affirmative Defense - Waiver and Estoppel**

The claims made by Plaintiff and some or all putative class members are barred by the doctrines of waiver and estoppel.

**G.** **Seventh Affirmative Defense - No Liability for Independent Contractors/Third Parties**

The conduct complained of in the Complaint was undertaken, if at all, by persons, individuals, corporations, or entities that are not employed or controlled by Enagic, and for whom Enagic is not legally liable.

**H.** **Eighth Affirmative Defense - Harm Not Caused by Enagic**

To the extent Plaintiff and some or all putative class members suffered any harm, any harm suffered was proximately caused by persons, individuals, corporations, or entities not employed or controlled by Enagic, and for whom Enagic is not legally liable.

7
ENAGIC USA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:15-CV-05145 (DDP)

I. **Ninth Affirmative Defense - Good Faith**

The claims made by Plaintiff and some or all putative class members are barred because, at all times mentioned in the Complaint, Enagic's actions and conduct were undertaken in a permissible way and in good faith, without malice, and with the reasonable belief that such actions and conduct were lawful and valid. If any violation occurred, which Enagic denies, it was the result of bona fide error.

J. **Tenth Affirmative Defense - Bad Faith by Plaintiff or Putative Class Members**

The claims made by Plaintiff and some or all putative class members are barred because they did not act in good faith.

K. **Eleventh Affirmative Defense - Failure to Mitigate Damages**

Assuming that Plaintiff or some or all of the putative class members suffered any damages, Plaintiff and/or some or all of the putative class members failed to take reasonable steps to avoid or reduce their damages.

L. **Twelfth Affirmative Defense - Res Judicata, Judicial Estoppel, 11 U.S.C. § 1327(a), Waiver, Estoppel, and Release**

The claims asserted in the Complaint are barred, in whole or in part, by prior bankruptcy proceedings of purported class members based upon the doctrines of res judicata, judicial estoppel, 11 U.S.C. § 1327(a), waiver, equitable estoppel and release. Moreover, as a result of those prior proceedings, such purported class members, who went through those bankruptcy proceedings, are not the real party in interest and lack standing to pursue the causes of action.

M. **Thirteenth Affirmative Defense - No Knowing Acceptance of Benefits**

To the extent that Enagic received any benefit from the complained-of practices or conduct alleged in the Complaint, such benefits were not knowingly accepted.

N. **Fourteenth Affirmative Defense - The Telephone Consumer Protection Act is Unconstitutional**

The Telephone Consumer Protection Act upon which Plaintiff's claims are based violates the First Amendment, the Due Process Clauses, the Excessive Fines Clause of the Eighth Amendment of the United States Constitution and is void for vagueness.

O. **Fifteenth Affirmative Defense - Unknown Defenses**

Enagic alleges that certain additional affirmative defenses as yet unknown to Enagic may be a defense to the allegations of the Complaint, in whole or in part. Enagic's investigation and discovery are ongoing and Enagic specifically reserves the right to assert any and all additional affirmative defenses that are subsequently discovered and to rely on such affirmative defenses at the time of trial.

## III.
## ADDITIONAL DEFENSES RELATED TO CLASS CERTIFICATION

Enagic asserts that the Complaint fails to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

A. Enagic denies each and every material allegation of the Complaint as they relate to the request for class certification, and hereby objects to any such class action certification on the following grounds:

1. The Complaint fails to adequately define any class of persons who could properly maintain this action as a class action;

2. The purported class representatives have not sustained their burden of establishing standing;

3. Enagic's time-based defenses, such as statutes of limitations, laches and the rule of repose mandate the denial of class certification;

4. The class as defined is not ascertainable;

5. A Rule 23(b)(3) class is inappropriate because individualized issues predominate over common questions;

6. Lack of commonality of questions of law;

7. Lack of commonality of questions of fact;

8. Lack of typicality;

9. Lack of adequacy of representation;

10. Lack of requirements for certification under Rule 23(b)(1) of the Federal Rules of Civil Procedure;

11. Lack of requirements for certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure;

12. Lack of requirements for certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

13. A class action is not superior to other available methods for the fair and efficient adjudication of this controversy;

14. There are difficulties that are likely to be encountered in the management of a class action.

15. Certification of any class requested in the Complaint is barred by the Due Process clauses of the United States Constitution and applicable state Constitutions.

16. The damages sought by the named Plaintiff on behalf of the alleged class cannot be recovered without specific proof by each alleged class member that he or she has been injured.

**B.** Enagic asserts that Plaintiff and putative class members are not entitled to an award of attorneys' fees.

## IV.
## REQUEST FOR RELIEF

WHEREFORE, Enagic USA, Inc. prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by way of his Complaint on file herein and that same be dismissed in its entirety with prejudice;

2. That Enagic recovers its reasonable attorney's fees incurred herein;

3. That Enagic recovers its costs of suit incurred herein; and

4. For such other and further relief that this Court deems just and proper.

Dated: September 19, 2016        Respectfully Submitted,

                                              Dwight M. Francis, *Pro Hac Vice*
                                              GARDERE WYNNE SEWELL, LLP
                                              1601 Elm St., Ste. 3000
                                              Dallas, TX 75201

                                              /s/ *Dwight M. Francis*
                                              Attorneys for ENAGIC USA, INC.

## PROOF OF SERVICE

### STATE OF TEXAS, COUNTY OF DALLAS

I am employed in the County of Dallas; I am over the age of eighteen years and not a party to the within entitled action; my business address is 1601 Elm St., Ste. 3000, Dallas, TX 75201.

On September 19, 2016, I served the following document(s) described as **DEFENDANT ENAGIC USA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

| | |
|---|---|
| Todd M. Friedman<br>Adrian R. Bacon<br>LAW OFFICES OF<br>TODD M. FRIEDMAN<br>324 S. Beverly Dr. #725<br>Beverly Hills, CA 90212<br>TEL: (877) 206-4741<br>FAX: (866) 633-0228 | Andre Cronthall<br>Fred Puglisi<br>SHEPPARD MULLIN<br>RICHTER & HAMPTON, LLP<br>333 S. Hope St., 43rd Floor<br>Los Angeles, CA 90071<br>TEL: (213) 620-1780<br>FAX: (213) 620-1398 |

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 19, 2016, at Dallas, Texas.

/s/ Dwight M. Francis
Dwight M. Francis