IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

EDWARD MAKARON, individually and on behalf of all others similarly situated,

             Plaintiff,

vs.

ENAGIC USA, INC.,

             Defendant.

NO. 2:15-cv-05145-DDP-E

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPROVING NOTICE PLAN, AND SCHEDULING FINAL APPROVAL HEARING**

Upon review and consideration of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, including the Parties' Settlement Agreement and Release (the "Settlement Agreement") and all exhibits thereto, and the arguments of counsel at the hearing on July 1, 2019, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

    1.    **Settlement Terms**.  Unless otherwise defined herein, all capitalized terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

    2.    **Jurisdiction**.  The Court has jurisdiction over the subject matter of the Action, the Parties, and all members of the Class.

    3.    **Scope of Settlement.**  The Settlement Agreement resolves all Released Claims against Enagic USA, Inc. and each and all of its past, present, and future, direct or indirect, parents, subsidiaries, affiliates, agents, successors, predecessors, owners, members, or any financial institutions, corporations, trusts and their trustees, or other entities that may hold or have held any interest (including, without limitation, any security interest) in any account or any receivables relating to any account, or any receivables or group of receivables, or any interest in

the operation or ownership of Defendant, and all of the aforementioned's respective past, present, and future, officers, directors, members, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint venturers, vendors, assigns, or related entities, and each of their respective executors, successors, assigns, and legal representatives.

4. **Preliminary Approval of Proposed Settlement.** The Court has conducted a preliminary evaluation of the Settlement as set forth in the Settlement Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Settlement is fair, reasonable and adequate, and within the range of possible approval; (b) the Settlement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case with the assistance of an experienced and respected mediator; (c) with respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration (Exs. A, B, C, and D and D-1 to the Settlement Agreement), that notice provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; and (d) with respect to the proposed notice plan, the notice program constitutes the best notice practicable under the circumstances. Therefore, the Court grants preliminary approval of the Settlement.

5. **Final Approval Hearing.** A hearing regarding final approval of the Settlement will be held at 10:00 a.m on January 13, 2020 in Courtroom 9C of the United District Court of the Central District of California located at 350 W. 1st. St., Los Angeles, CA 90012, to determine, among other things, whether to: (i) finally approve the Settlement as fair, reasonable, and adequate; (ii) dismiss the Released Claims in the Action with prejudice pursuant to the terms of the Settlement Agreement; (iii) bind Class Members by the Releases set forth in the Settlement Agreement; (iv) permanently bar Class Members who have not opted out of the Settlement from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on the Released Claims; (v) find that

the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (vi) approve the plan of distribution of the Settlement Fund; (vii) finally certify the find that Defendant has complied with its notice obligations under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the Settlement, and (viii) approve requested Attorneys' Fees and Expenses and the proposed Incentive Awards to Plaintiff.

   6.  **Settlement Administrator.**  Postlethwaite & Netterville (P&N) is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

   7.  **Class Notice.**

     a.  The Court approves the Class Notice in the Settlement Agreement, including the Mail, Email, and Website Notices attached as Exhibits A, B, C, D, and D-1 to the Settlement Agreement and the manner of providing Mail, Email, Website, and Publication Notices to Class Members described in Section 6 of the Settlement Agreement. The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Class Members of the pendency of this Action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Class. The Court further finds that the Mail, Email, Website, and Publication Notices are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process. The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the Notice Plan no later than August 16, 2019 ("Notice Deadline").

     b.  The Settlement Administrator will file with the Court by no later than January 6, 2020, which is seven (7) days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Settlement Agreement and this Order.

c. Defendant shall comply with the obligation to give notice under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed settlement. No later than seven (7) calendar days before the Final Approval Hearing, counsel for Defendant shall file with the Court one or more declarations stating that Defendant has complied with its notice obligations under 28 U.S.C. § 1715.

8. **Exclusion from the Class.** Any member of the Class who wishes to opt out of the Settlement must complete and mail to the Settlement Administrator a Request for Exclusion that is postmarked no later than the Opt-Out Deadline. The Request for Exclusion must: (a) identify the name and address of the member of the Class requesting exclusion; (b) provide the phone number at which that member of the Class believes he or she was called by Defendant or one of Defendant's independent distributors during the Class Period; (c) be personally signed by the member of the Class requesting exclusion; and (d) contain a statement that reasonably indicates a desire to be excluded from the Settlement.  Mass or class opt-outs shall not be allowed. A sample Request for Exclusion form shall be made available for downloading on the Settlement Website in the form of Exhibit E.

a. Any potential member of the Class who properly opts out of the Settlement shall: (a) not be bound by any orders or judgments relating to the Settlement; (b) not be entitled to relief under, or be affected by, the Settlement Agreement; (c) not gain any rights by virtue of the Settlement Agreement; and (d) not be entitled to object to any aspect of the Settlement.  The Settlement Administrator shall provide Class Counsel and Defense Counsel with a list of all timely Requests for Exclusion within seven (7) Days after the Opt Out Deadline.

b. Except for those potential members of the Class who timely and properly file a Request for Exclusion in accordance with Section 11, all other potential members of the Class will be deemed to be Class Members for all purposes under the Settlement Agreement, and upon Final Approval, will be bound by its terms, regardless of whether they receive any monetary relief or any other relief.

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPROVING NOTICE PLAN, AND SCHEDULING FINAL APPROVAL HEARING**
-4-

9. **Objections and Appearances.** Any Class Member who has not filed a timely written Request for Exclusion and who complies with the requirements of this Paragraph may object to any aspect of the proposed Settlement either on his or her own or through an attorney hired at his or her expense. Any Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval Order. The written objection must be mailed to the Clerk of Court, no later than the Objection Deadline, at the following addresses:

*Makaron v. Enagic USA Inc., No. 2:15-cv-05145* (C.D. Cal.)

U.S. District Court, Central District of California

*United States Courthouse*

350 W. 1st Street

Los Angeles, CA 90012

    a. A valid written objection must include: (a) the name, address, and telephone number of the Class Member objecting and, if different, the cellular telephone number at which the Class Member was called by Defendant or one of Defendant's independent distributors during the Class Period; (b) if represented by counsel, the name, address, and telephone number of the Class Member's counsel; (c) the basis for the objection; and (d) a statement whether the objecting Class Member intends to appear at the Final Approval Hearing, either with or without counsel;

    b. Any Class Member who fails to object to the Settlement in the manner described in the Class Notice and in this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means;

       c.     Subject to approval of the Court, any Class Member who mails a written objection in accordance with Section 12 of the Settlement Agreement and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Class Member mails to the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice Of Intention To Appear"). The Notice of Intention to Appear must include the Class Member's full name, address, and telephone number, as well as copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.

      10.    **Service of Papers.**  Defense Counsel and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Class Members. Defense Counsel and Class Counsel shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court on or before the date of the Final Approval Hearing.

      11.    **Termination of Settlement.**  This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement for any reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; neither the Settlement Agreement nor the Court's orders, including this Order,

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPROVING NOTICE PLAN, AND SCHEDULING FINAL APPROVAL HEARING**
-6-

shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses.

12. **Use of Order Following Termination of Settlement.** This Order shall be of no force and effect if the Settlement does not become Final. This Order shall not be offered by any person as evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases, or this Order. Neither shall this Order be offered by any person or received against any of the Released Persons as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons of:

   a. the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Released Persons;

   b. any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties or any other wrongdoing by any of the Released Persons; or

   c. any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding by any of the Released Persons.

13. **Necessary Steps.** The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

14. **Schedule of Future Events**. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **August 16, 2019**<br>[45 days after the date of this Order] | Deadline for notice to be provided in accordance with the Settlement Agreement and this Order (Notice Deadline) |

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPROVING NOTICE PLAN, AND SCHEDULING FINAL APPROVAL HEARING**
-7-

| | |
|---|---|
| **October 17, 2019**<br><br>[28 days before the Objection Deadline] | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Service Award |
| **November 14, 2019**<br><br>[90 days after the Notice Deadline] | Deadline to mail objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| **November 14, 2019**<br><br>[90 days after the Notice Deadline] | Deadline for Settlement Class Members to Submit a Claim Form (Claim Deadline) |
| **November 29, 2019**<br><br>[105 days after the Notice Deadline] | Deadline to File Motion for Final Approval |
| **November 28, 2019**<br><br>[14 days after Claims Deadline] | Deadline for Settlement Administrator to Provide Class Counsel with Proof of Class Notice, Identifying the Number of Requests for Exclusion, and Number of Claims Received |
| **January 13, 2020 at 10:00 a.m.**<br><br>[No earlier than 150 days after Notice Deadline] | Final Approval Hearing |

IT IS SO ORDERED.

DATE: July 16, 2019

_____
Hon. Dean D. Pregerson, U.S.D.J.

cc: All Counsel of Record

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPROVING NOTICE PLAN, AND SCHEDULING FINAL APPROVAL HEARING**
-8-