# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MAKARON, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ENAGIC USA, INC.,<br><br>　　　　　Defendant. | NO. 2:15-cv-05145-DDP-E<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENTAND DISMISSING CLASS PLAINTIFF'S CLAIMS** |

   This Court, having held a Final Approval Hearing on January 13, 2020, having provided notice of that hearing in accordance with the Preliminary Approval Order, and having considered all matters submitted to it in connection with the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Order Granting Final Approval of Class Action Settlement and Dismissing Class Plaintiff's Claims (the "Final Approval Order" or this "Order") and good cause appearing therefore,

1

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Unless otherwise defined, all capitalized terms in this Final Approval Order shall have the same meaning as they do in the Settlement Agreement (Dkt. 126-1).

2. The Court has jurisdiction over the subject matter of the Action and over the Parties, including all Class Members with respect to the Class previously certified as follows:

> All persons within the United States who received a telephone call from Defendant or one of its Distributors, on said Class Member's telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, between July 8, 2011 and March 13, 2018.

3. The Court finds that the Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of the Action and of the strengths and weaknesses of their respective positions. Further, settlement occurred only after the parties negotiated over a period of many months and participated in a mediation with an experienced and respected former federal magistrate judge. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

4. The Court makes the following findings and conclusions regarding notice to the Class:

    a. The Class Notice was disseminated to persons in the Class in accordance with the terms of the Settlement Agreement and the Class Notice and its dissemination were in compliance with the Court's Preliminary Approval Order;

    b. The Class Notice: (i) constituted the best practicable notice under the circumstances to potential Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient individual notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

    c. The Court finds that Defendant has complied with its notice obligations under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed Settlement.

5. The Court finally approves the Settlement Agreement as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Settlement Agreement, including all exhibits thereto, have been entered into

in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Class Members.

6. The Court orders an injunction be entered against Defendant as set forth in Section 4.4 of the Settlement Agreement with respect to Defendant's auditing, monitoring, reporting, training, enforcement, and revised distributor agreement and policies and procedures.

7. The Court approves the plan of distribution for the Settlement Relief as set forth in the Settlement Agreement. The Settlement Administrator is ordered to comply with the terms of the Settlement Agreement with respect to distribution of Settlement Relief. Should any unclaimed funds be distributed, the Court hereby approves the Electronic Privacy Information Center as the recipient of the distribution of those unclaimed funds, after accounting for the costs of administering that distribution. This Court finds this organization closely aligned with the Class's interests.

8. By incorporating the Settlement Agreement and its terms herein, this Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

9. Class Counsel have moved pursuant to Fed. R. Civ. P. 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules

23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

    a.    that the Settlement confers substantial benefits on the Class Members;

    b.    that the value conferred on the Class is immediate and readily quantifiable;

    c.    that within 60 days after the Final Settlement Date, Class Members who have submitted valid Claim Forms will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the TCPA;

    d.    that Class Counsel vigorously and effectively pursued the Class Members' claims before this Court in this complex case;

    e.    that the Class Settlement was obtained as a direct result of Class Counsel's advocacy;

    f.    that the Class Settlement was reached following extensive negotiation between Class Counsel and Counsel for Defendants, and was negotiated in good faith and in the absence of collusion following a mediation with an experienced and respected former United States Magistrate Judge;

10.    Accordingly, Class Counsel are hereby awarded $1,300,000 for attorneys' fees and $60,000 in litigation expenses, which this Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel in accordance with the terms of the Settlement Agreement. Class Counsel shall be responsible for

allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded amongst Class Counsel.

11.  The Class Representative, as identified in the Preliminary Approval Order, is hereby compensated in the amount of $7,500 for his efforts in this case.

12.  The terms of the Settlement Agreement and of this Final Approval Order, including all exhibits thereto, shall be forever binding in all pending and future lawsuits maintained by the Plaintiff and all other Class Members, and anyone claiming through them such as heirs, administrators, successors, and assigns.

13.  The Releases, which are set forth in Section 10 of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Order; and the Released Persons are fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged by the Releasing Persons from all Released Claims.

    a.  In connection with the Releases in paragraph 10.1 of the Settlement Agreement, and without expanding their scope in any way, Plaintiff shall be deemed, as of the date of Final Approval, to have waived any and all provisions, rights, benefits conferred by Section 1542 of the California Civil Code, and any statute, rule and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her,

would have materially affected his or her settlement with the debtor or released party.

The Plaintiff recognizes that even if he may later discover facts in addition to or different from those which they now know or believe to be true, they fully, finally, and forever settle and release any and all claims covered by these Releases upon entry of the Judgment.

    b.  The Settlement Agreement and the Releases therein do not affect the rights of Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements in Section 11 of the Settlement Agreement.

    c.  The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases contained in the Settlement Agreement. The Court shall retain jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

Upon entry of the Final Approval Order and the Judgment: (i) the Settlement Agreement shall be the exclusive remedy for any and all Class Members, except those who have properly requested exclusion (opted out) in accordance with the terms and provisions of the Settlement Agreement; (ii) the Released Persons shall not be subject to liability or expense for any of the Released Claims to any Class

Member(s) except as set forth in the Settlement Agreement; and (iii) Class Members who have not opted out shall be permanently barred from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on the Released Claims.

    d.  Upon Final Approval, each member of the Class, including the Plaintiff shall, by operation of the Judgment, be deemed to have fully, conclusively, irrevocably, forever and finally released, relinquished, and discharged the Released Persons from all Released Claims.

    e.  Nothing in the Settlement Agreement shall preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth therein are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

  14.  The Court dismisses all Released Claims, with prejudice, without costs to any Party, except as expressly provided for in the Settlement Agreement.

  15.  This Order, the Judgment to be entered pursuant to this Order, and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Person to support a defense of <u>res judicata</u>, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. The parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and extensions, modifications, and expansions of, the Settlement Agreement as are consistent with this Final Order and Judgment and do not (a) limit the rights of the Class Members under the Settlement Agreement or (b) limit or affect the rights of third parties.

17. This Order and the Judgment to be entered pursuant to this Order shall be effective upon entry. In the event that this Order and/or the Judgment to be entered pursuant to this Order are reversed or vacated pursuant to a direct appeal in the Action or the Settlement Agreement is terminated pursuant to its terms, all orders entered and releases delivered in connection herewith shall be null and void.

IT IS SO ORDERED.

DATED: January 16, 2020

_____
Hon. Dean D. Pregerson

9